11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Thanh Cuong Ngo

Appellant

Vs.                   No.
11-03-00207-CR -- Appeal from Harris County

State of Texas

Appellee

 

The jury convicted Thanh Cuong Ngo of the offense
of credit card abuse and assessed his punishment at confinement in a state jail
facility for 2 years and a fine of $3,500. 
We reverse and remand.  

In his sole issue on appeal, appellant asserts
that his right to a unanimous verdict was violated by the disjunctive
submission in the jury charge of two or more separate offenses.  We agree. 









Before addressing appellant=s
issue, we must determine if it was preserved for review.  The State asserts that appellant waived this
issue when defense counsel affirmatively stated that the defense had no
objections to the jury charge.  The State
relies on Ly v. State, 943 S.W.2d 218, 221 (Tex.App. - Houston [1st
Dist.] 1997, pet=n ref=d), and Reyes v. State, 934
S.W.2d 819, 820 (Tex.App. - Houston [1st Dist.] 1996, pet=n ref=d),
in support of its contention.  However,
some of our other sister courts have addressed this issue and concluded that
jury charge error cannot be waived and that it must be addressed under Almanza[1]
despite an affirmative statement that the defendant had no objections to the
jury charge.  Ponce v. State, 89
S.W.3d 110, 117 (Tex.App. - Corpus Christi 2002, no pet=n);
Vosberg v. State, 80 S.W.3d 320, 322 (Tex.App. - Fort Worth 2002, pet=n ref=d);
Webber v. State, 29 S.W.3d 226, 232-35 (Tex.App. - Houston [14th Dist.]
2000, pet=n ref=d). 
We agree with the reasoning of the courts in Webber, Vosberg,
and Ponce.  Like the court in Webber,
we fail to see any meaningful distinction, in the context of Almanza,
between a failure to object and an affirmative approval of the jury
charge.  See Webber v. State, supra
at 233.  Consequently, we will address
the merits of appellant=s
issue.  

The indictment in this case contained three
separate paragraphs charging appellant with credit card abuse.  In the first paragraph, appellant was charged
with knowingly and intentionally stealing a credit card.  TEX. PENAL CODE ANN. '
32.31(b)(4) (Vernon Supp. 2004).  The
second paragraph alleged that appellant knowingly and intentionally received a
credit card with the intent to use it, knowing that it had been stolen.  Section 32.31(b)(4).  In the third paragraph, appellant was charged
with using and presenting a credit card with the intent to obtain a benefit
fraudulently and with the knowledge that such use was without the effective
consent of the cardholder.  TEX. PENAL
CODE ANN. '
32.31(b)(1) (Vernon Supp. 2004).  

The jury charge instructed the jurors to find
appellant guilty if they found beyond a reasonable doubt that appellant
committed credit card abuse as charged in any one of the paragraphs of the
indictment.[2]  The charge did not require that the jurors
unanimously agree upon any one of the three alternate theories.  Thus, as noted by appellant, some of the
jurors could have found appellant guilty of credit card abuse for stealing or
receiving the credit card and some of the jurors could have found appellant
guilty of credit card abuse for presenting the credit card with the intent to
fraudulently obtain a benefit.  








A jury verdict in a felony case is required to be
unanimous under both the constitution and statutory law of Texas.  TEX. CONST. art. V, '
13; TEX. CODE CRIM. PRO. ANN. art. 36.29(a) (Vernon Supp. 2004).  A unanimous jury verdict Aensures that the jury agrees on the
factual elements underlying an offense,@
which requires Amore than
mere agreement on a violation of a statute.@  Francis v. State, 36 S.W.3d 121, 125
(Tex.Cr.App.2000).  A trial court
may submit a disjunctive jury charge and obtain a general verdict where the
alternate theories involve the commission of the Asame
offense.@  Francis v. State, supra at 124;
Kitchens v. State, 823 S.W.2d 256, 258 (Tex.Cr.App.1991), cert. den=d, 504 U.S. 958 (1992).  However, because of the possibility of a
non-unanimous jury verdict, Aseparate
offenses@ may not
be submitted to the jury in the disjunctive. 
Francis v. State, supra at 124-25.  Thus, we must determine whether the jury
charge in this case merely charged alternate theories of committing the same
offense or whether the jury charge included two or more separate offenses
charged disjunctively.  

Although a conviction under any of the three
paragraphs would be a conviction for credit card abuse, the offense of using or
presenting the credit card under Section 32.31(b)(1) is not the same offense as
stealing or receiving a stolen credit card under Section 32.31(b)(4).  The elements of an offense under Section
32.31(b)(1) are separate and distinct from the elements of an offense under
Section 32.31(b)(4).  TEX. PENAL CODE
ANN. ' 32.31(b)
(Vernon Supp. 2004) provides in relevant part that a person commits an offense
if: A(1) with
intent to obtain a benefit fraudulently, he presents or uses a credit card@ knowing that the card is not issued to
him and is not used with the effective consent of the cardholder or
A(4) he steals a credit card...or, with
knowledge that it has been stolen, receives a credit card...with intent to use
it.@ 
We conclude that the jury charge erroneously instructed the jury in the
disjunctive to find appellant guilty if it found that he committed an offense
under Section 32.31(b)(1) or an offense under Section 32.31(b)(4) because the
act of stealing or receiving the credit card did not constitute the Asame offense@
as the act of fraudulently using or presenting the credit card for a
benefit.  








Finding error in the charge, we must determine
whether that error is reversible under the standards announced in Almanza.  Because appellant did not properly preserve
the jury charge error by bringing it to the attention of the trial court, we
must review the entire jury charge, the state of the evidence, the arguments of
counsel, and any other relevant information in order to determine whether the
error was so egregious that appellant was denied a fair and impartial
trial.  TEX. CODE CRIM. PRO. ANN. art.
36.19 (Vernon 1981);  Almanza v. State,
supra at 171.  An error results in
egregious harm if it affects the very basis of the case, deprives the defendant
of a valuable right, or vitally affects a defensive theory.  Hutch v. State, 922 S.W.2d 166, 171
(Tex.Cr.App.1996); Almanza v. State, supra at 172.  

Upon reviewing the entire jury charge, we note
again that it allowed a conviction upon a non-unanimous verdict.  During closing argument, the prosecutor
stated:  

I
have all the ways that we can prove it. 
You know, he even testified that, you know, he received the credit card
from someone else. 

 

I don=t
know how, you know -- I don=t
know if I proved all three or one or two or all -- I have no idea.  You know, what I do know is that for sure the
credit card, he had no right to use it. 
That=s
clear.  And that he tried to present it
and it was presented to Mr. Nguyen.  And
he was trying to get something for it. 
That=s clear. 

Furthermore, the state of the evidence reveals that there were
contested issues at trial.  Hong Truong
testified that her credit cards had been stolen when her apartment was
burglarized in November 2002.  Truong had
previously seen appellant walking through her apartment complex and had spoken
to him.  Twice before the burglary,
appellant had knocked on her door in the middle of the night, but Truong did
not answer her door.  Truong identified
State=s Exhibit
Nos. 1-21 as her credit cards, and she testified that she had not given anyone
consent to use them.  Hanh Nguyen, who
happened to be Truong=s
ex-husband, testified that on December 13, 2002, appellant presented Truong=s credit card to Nguyen in an attempt
to pay his tab for beer at the bar that Nguyen was managing.  Nguyen telephoned Truong to inquire about the
credit card.  According to Nguyen, appellant
subsequently pulled out a Astack@ of credit cards and asked Nguyen which
one he could use.  Police were summoned
to the bar, and appellant was arrested. 
A Astack of
credit cards@ was
retrieved from the pocket of appellant=s
jacket.  Appellant testified that he was
from Vietnam and knew nothing about credit cards, that he was not attempting to
use the credit card to pay for anything, that he had paid cash for his beer,
that he had received the credit cards from a friend, and that he was only
trying to return the credit cards to Nguyen as requested by his friend.  








In light of the erroneous jury charge, the closing
arguments, and the state of the evidence, we must hold that the error in the
jury charge is egregious because it deprived appellant of his right to a
unanimous jury verdict and, thus, denied appellant a fair and impartial
trial.  See Hisey v. State, No.
01-02-00555-CR, 2004 WL 36246 (Tex.App. - Houston [1st Dist.] January 8, 2004,
no pet=n h.); Clear
v. State, 76 S.W.3d 622 (Tex.App. - Corpus Christi 2002, no pet=n). 
Appellant=s issue
is sustained. 

The judgment of the trial court is reversed, and
the cause is remanded for a new trial.  

 

W. G. ARNOT, III

CHIEF JUSTICE 

 

February 19, 2004  

Publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J. 











[1]Almanza v. State,
686 S.W.2d 157 (Tex.Cr.App.1985). 





[2]Specifically, the application portion of the jury charge
reads in relevant part as follows:  

 

Now, if you find from the evidence beyond a reasonable
doubt that [appellant] on or about the13th day of December, 2002, did then and
there unlawfully, intentionally or knowingly steal a credit card owned by the
card holder, Hong Truong, with intent to deprive the cardholder of the property
and without the effective consent of the cardholder; or

 

If you find from the evidence beyond a reasonable doubt
that [appellant] on or about the 13th day of December, 2002, did then and there
unlawfully and knowingly receive with intent to use a credit card owned by card
holder, Hong Truong, knowing the credit card had been stolen; or 

 

If you find from the evidence beyond a reasonable doubt that [appellant]
on or about the 13th day of December, 2002, with intent to obtain a benefit
fraudulently, did use or present to [H]anh Nguyen a credit card knowing the use
was without the effective consent of the cardholder, Hong Truong, namely
without consent of any kind, and knowing that the credit card had not been
issued to the defendant, then you will find [appellant] guilty as charged in
the indictment.  (Emphasis added)