82,972-01

Texas Court of Criminal Appeals                    March 9, 2015
c/o Hon. Abel Acosta, Clerk
P.O. Box 12308
Austin, Texas 78711-2308

Re: Ex Parte Meine, Cause No. _____

Dear Honorable Clerk,

Please find enclose Applicant's reply to the State's Supp. Answer.
Please file and present to the Court in your usual manner. Should you have
any questions or concerns, please, don't hesitate to contact the applicant
at the address provided below. Please also note the State was properly served
according to T.R.A.P. Rule 9.5(b). Thank you for your cooperation and assi-
stance in this matter.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 11 2015

Abel Acosta, Clerk

Very Truly Yours,

Todd Meine   3/9/15

Todd Meine, Applicant, Pro Se

TDCJ# 1652556 McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102-8583
361.362.2300 (ph.)
361.362.3011 (fax)

NO._____

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS


EX PARTE TODD MEINE TDCJ-ID #1652556,
APPLICANT


APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 09-CR-4379-F, FROM THE 214th DISTRICT COURT OF NUECES COUNTY, TEXAS, AND CAUSE NO. 13-10-360-CR IN THE COURT OF APPEALS IN THE THIRTEENTH DISTRICT OF TEXAS.


**APPLICANT'S REPLY TO STATE'S SUPPLEMENTAL ANSWER TO
APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS**

Todd Meine, Pro Se Applicant
TDCJ# 1652556 McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102-8583
361.362.2300 (ph.)
361.362.3011 (fax)

CAUSE NO. ------------------

§

EX PARTE TODD MEINE                    IN THE TEXAS COURT OF
    TDCJ-ID #1652556,             §     CRIMINAL APPEALS AT
        Applicant                 §     AUSTIN, TEXAS

                                  §

              Applicant's Reply to State's Supplemental Answer to
                Applicant's Application for Writ of Habeas Corpus

TO THE HONORABLE JUSTICES OF SAID COURT:

NOWCOMES, Todd Meine, TDCJ# 1652556, Applicant, Pro Se, and files this his
Reply to State's Supplemental Answer. Applicant would respectfully show this
Honorable Court his application has merit, there are contested issues of Const-
itutional magnitude, thusly the Writ should be issued and relief is warranted.
Applicant would show the following:

                              STATEMENT OF THE CASE

The applicant, Todd Meine, hereinafter refered to as Meine, was tried by
a jury on a facially defective indictment and adjudged guilty of (2) counts of
aggravated assault of a public servant and (2) counts of attempted capital
murder. (see State's Ex.:A). Unconstitutional punishment was assessed by the
jury at confinement in TDCJ for (99) years on counts 1&2 and Life on counts
3&4. Id.

Meine appealed to the 13th COA in that he alleged the trial Court erred
by: 1) violating Double Jeopardy; 2) denying requested inclusion of insanity
by intoxication to the jury charge and allowing the defense to be heard at
punishment; 3) denying the inclusion of a lesser-included offense of deadly
conduct in the jury charge; and 4) submission of a charge that did not track
the indictment. (see St. Ex.:B, and App. Br. to 13th COA).

The 13th COA sustained Meine's first issue reversing and vacating the
trial Court's judgment as applied to counts 1&2. The 13th COA affirmed the
remaining issues. Both Meine's and State's P.D.R.'s were refused. (see St.

                                      1.

Ex.:C; Clerk's Notice to Meine Dated: Wed., Dec. 7, 2011; Re: Case No. PD-1550-11; Refused).

Meine has filed an application for Writ of Habeas Corpus pursuant to Art. 11.07 of the Tex. Code of Crim. Procedure and presents grounds for relief.

GENERAL REBUTTAL

Meine generally rebuts the State's denial in that the facts asserted are supported by the record and defended by Federal and State Constitution, State Law, and pertinent case law as cited in Meine's Brief in Support of his application for Writ of Habeas Corpus. Meine further submits that responses from counsel are necessary and an evidentiary hearing is requested as his claims have merit based upon the support of the record. (Ex Parte affidavits are inadequate to resolve whether counsel was ineffective. Smith v. McCormick 914 F.2d 1115, 1170 (9th Cir. 1990)).

Meine's responses to specific issues beyond this general rebuttal are set forth below.

DISCUSSION

**INEFFECTIVE ASSISTANCE OF COUNSEL**

1. STANDARD OF REVIEW

Texas Courts have adopted the standard set out in Strickland 104 S.Ct. 2052 (1984). To prevail on an ineffective assistance of counsel (IAC) claim, a Habeas applicant must prove, by a preponderance of evidence that: 1) counsel's preformance was deficient, i.e. it fell below an objective standard of reasonableness, and 2) there is a reasonable probability sufficient to undermine confidence in the outcome of the proceedings that, but for counsel's deficiency, the result of the proceeding would have been different. Id.

On its face the term "objective standard of reasonableness" is ambiguous. However, the Texas Disciplinary Rules of Professional Conduct set forth basic "rights" to the client-lawyer relationship, specifically Rule 1.01, competent and diligent representation. (also applicable, ABA Crim. Justice Std. 4.41(a)).

2.

Rule 1.01(b)(1)&(2) reflect the heart of Meine's argument in so that, trial counsel was ineffective for not only failing to recognize, but failing to quash the facially defective indictment. The matter of Double Jeopardy, a fundamental constitutional issue was neglected as a legal matter, before and during Meine's trial on the metits. As required by Meine's 6th Amendment protections, trial counsel failed to effectively and completely fulfill the obligations to Meine. According to Rules of Prof'l. Conduct Rule 1.02, defense of Constitutionally Protected Rights is well within the scope of representation.

Here, Meine can not only show by a preponderance, but prove that, but for counsel's deficiency the result of the proceeding in fact would have been different. Meine would not have received (2) 99 year sentences which violated double jeopardy, or vice versa for that matter. It cannot be said that not to raise that particular point of error either prior to or during trial was trial strategy or reasonable. And, there is no doubt that but for counsel's failure, thanks to appellate counsel, Meine did prevail on appeal. However, the relief received did not dispense with the error. The reversal & vacation of the sentence resolved the harm, but did not address the ineffective assistance of counsel. The remedy for such error is new trial. see T.R.A.P. Rule 44.2(a). The indictment was unchallenged and was presented to the jury in the charge, creating a fundamental error in the charge.

Fundamental error in the jury charge is error that is so egregious and causes such harm as to deprive the accused of a fair and impartial trial. see Webber v. State 29 S.W.3d 226, 231 (Tx. App.-Hou.14th 2000); see also Taylor v. State 7 S.W.3d 732, 736 (Tx. App.-Hou.14th 1999)(citing Almanza v. State 686 S.W.2d 157 (Tex. Crim. App. 1985). The fact there was reversable error, (see St. Ex.:B, COA Op.,p.2,7) it cannot be reasonably argued there was no deficient performance resulting in error. In so much as there was fundamental error in the charge to the jury that is egregious error, it can be said the

3.

conduct challenged here is so outrageous that no competent attorney would have engaged in it. see <u>Goodspeed v. State</u> 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Having met both prongs of <u>Strickland</u> with record support, Meine should be entitled to a new trial, due to the fact he received ineffective assistance of trial counsel. Such a finding renders all other claims meritorious by a preponderance regarding IAC.

**TRIAL COUNSEL ISSUES**

INTOXICATION EXPERT

In Meine's seventh claim, trial counsel should have secured an expert on intoxication. The mere request to have insanity by intoxication in mitigation of punishment requires substantially more than a simple request. Tex. Pen. Code §8.04(c) states:

> " When temporary insanity is relied upon as a defense
> and the evidence <u>tends</u> to show that such insanity
> was caused by intoxication, the court <u>shall</u> in acc-
> ordance with the provision of this section."

It is apparent trial counsel relied on the language of the statute, however, gave it no depth. In light of ABA Crim. Justice Std. 4.41(a), "counsel should [have] conduct[ed] a prompt investigation of the circumstances of the case and explore <u>all</u> avenues leading to facts relevant to the merits of the case <u>and</u> the penalty in the event of conviction." (emphasis added). see <u>Anderson</u> 338 F.3d 382, 391 (5th Cir. 2003). It is relevant in that Tex. Pen. Code §8.04(a) does not permit reliance on simple voluntary intoxication as a defense. Therefore it can be reasonable concluded that something more is necessary. Since something beyond simple intoxication is needed, it can be reasonable argued that an expert would be required to dissect and reduce to layman's terms the symptomatic acts and the stmptom clusters realted to severe alcohol toxicity.

4.

Expert testimony might have included in depth discussion on issues such as but not limited to:

1) Korsakow's Psychosis/Syndrom- a mental disorder brought on by alcoholism and marked by neural irritation, disturbances of memory, and orientation.

2) Alcoholic Psychosis- a severe mental disorder charcaterized by <u>acute</u> or chronic inflamation of the brain, delirium, hallucinations, impairment of memory, and general deterioration of judgment.

3) Delirium- a state of mental confusion accompanied by delusions, illusions and hallucinations, which may be induced by fevers, drugs or shock.

4) Hallucinosis- any disorder in which the individual is subject to hallucinations. This is particularly typical if <u>acute alcoholism</u> or other <u>toxic</u> conditions.

In Meine's case an expert could have layed out, not only for the Court, but for the jury as well, the science behind the severe psychological state Meine was in at the moment in time he was approached by anyone, let alone two, however clad, Nueces Co. Sheriff's Deputies. Expert testimony at trial strategically would go to mens rea, justifying the lesser-included offense of deadly conduct inclusion in the charge, also as to insanity by intoxication as mitigating punishment. Exploration/Revelation of the intensity of the alcoholic psychosis is exculpatory to either guilt/innocence or punishment phases of the proceedings. The officers own testimony stated Meine, "was so drunk he could barely stand up." (3 RR 202). The 13th COA Op., p.9 aptly identifies the evidence was overwhelming the Meine was indeed intoxicated, which is not only clear by his acts but showed in his App. Br. @p.6 referencing (7 RR 3) DX-1 a cumulative summary, Meine's B.A.C. was .314 two hours after the incident. The report also notes, "<u>LEVELS OF >400 mg/dl ARE USUALLY FATAL.</u>"(emphasis added).

During the incident Meine was intermittently ambulatory on a fractured

5.

ankle and multiple rib fractures. (see App. Br., p.12; DX-1 @p. 20). An expert would have been able to articulate the severity of alcoholic psychosis that enabled Meine to ignore the pain induced by a fractured ankle and ribs. Also an expert would have been required to characterize the related delirium and hallucinosis typical of the acute alcoholic state, as Meine's blood was effective 30% alcohol per 100mg/dl by volume. This would have clearly explained Meine's failure to comprehend his conduct was wrong and render him incapable of conforming his conduct with the law.

When viewed retroactively from the incident where Meine allegedly discharged a firearm at two Sheriff's Deputies,

1) Discharged a firearm in city limits T.P.C. §42.12(a);

2) Possession of a concealed firearm T.P.C §46.02(a);

3) Tresspassing (Amer. Bank Ctr.) T.P.C. §30.05 et.seq.;

4) Activation of an Emergency Signal (fire alarm @ Amer. Bank Ctr.) T.P.C. §42.06(a)(1);

5) Possession of a firearm at an establishment that derives 51% or more of its income from the sale of alcohol (assuming he was a licensed holder) T.P.C. §46.035(a)(1);

6) Public Intoxication T.P.C. §49.02(a).

It should be noted that Texas Pen. Code §49.01 defines intoxicated as:

" Not having the normal use of mental or physical
faculties by reason of the induction of alcohol,
... or any other substance into the body; or having
an alcohol concentration of 0.08 or more."

For reference purposes Tex. Pen. Code §8.01(a) states:

" It is an affirmative defense to prosecution that,
at the time of the conduct charges, the actor, as
a result of severe mental disease or defect, did
not know that his conduct was wrong."

For analysis, in Kansas v. Cheever 134 S.Ct. 596, 598 (2013), vac., rem'd., the Court reasoned that mental-status defenses include those based on psychological expert evidence as to a defendant's mens rea, mental capacity to commit the crime, or ability to premeditate. Later, Id. @602 the Court held, defendants need not assert a "mental disease or defect" in order to assert a defense based on "mental-status". see also Buchanan 107 S.Ct. 2906 (1987).

6.

Here, as held in <u>Buchanan</u> Id. a temporary state of mind...so disturbed as to overcome one's judgment, and to cause one to act uncontrollably from an impelling force of an extreme emotional [or psychological] disturbance rather than from evil or malicious purposes. Meine did not know right from wrong at the time of the incident. see <u>Rainey</u> 949 S.W.2d @543 citing <u>Arnold</u> 742 S.W.2d 10, 16 (Tex. Crim. App. 1987). Due to the severity of the alcohol toxicity, Meine was incapable of conforming his conduct to the law, 1) Discharging a firearm; 2) Possession of a concealed firearm; 3) Tresspassing, etc. see <u>Cordova</u> 733 S.W.2d @90 (Tex. Crim. App. 1987); <u>Shelton</u> 41 S.W.3d @213 (Tx. App.-Aus. 2001).

The evidence was available, however, trial counsel was ineffective for failing to retain expert assistance at trial to properly relate that evidence to the Court. The result of this failure was the denial of inclusion of the requested insanity by intoxication in mitigation of punishment. The harm was the 99 year and Life sentences received from the jury not charged with the above considerations. The deficient performance of not realizing or meeting the statutory requirements of Tex. Pen. Code §8.04(c) resulted in depriving or prejudicing Meine which had a substantial & injurious or influence in the determination of the jury's verdict on either guilt/innocence and/or punishment. see <u>Brecht v. Abrahamson</u> 113 S.Ct. 1710 (1993).

DOUBLE JEOPARDY

Since the State addresses this in their answer, so will Meine here. In the application for Writ of Habeas Corpus, however inartfully worded, attempts here to show how the decision by the 13th COA was only partially correct at remedying the error. The Double Jeopardy error and harm are by-products of other fundamental errors. The trial Court has the duty to uphold a defendant's Constitutionaly protected rights in a proceeding. It was an abuse of discretion to not only entertain a facially defective indictment in the trial Courts juri-

7.

sdiction, but to permit adjudication of it.

Meine argues here that because the indictment was defective within the four corners of the instrument, that the trial Court had no jurisdiction to receive it, and such the totality of the proceeding on which it was based is void. None of the court officers recognized the defect, if they did this behavior should be met with a swift inquisition, even as much the State represented by Mark Skurka, argued it was correct on appeal, as well as, Douglas Norman motioned for rehearing after the CoA's decision. (St. Mtn. Rehearing, Denied). What Meine seeks to be resolved are the ancillary violations of his rights which not only bolstered the effects of the error but perpetuated it.

1) Abuse of Discretion, Trial Court, for entertaining a defective indictment and creating an unfair trial environment;

2) Ineffectife assistance of trial counsel, for not quashing a defective indictment;

3) Prosecutorial Misconduct, for producing and advancing an unconstitutional charging document;

4) Prosecutorial Misconduct, for failing to seek justice and creating an unfair trial environment.

These issues are not new, simply immersed in the inartfully worded application. These remain controverted, are of a Constitutional magnitude, and prejudicial against the interests of Meine's protected rights. Meine should receive relief of an acquittal on the basis the trial Court proceeded on impugned jurisdiction.

AMENDMENT OF THE INDICTMENT

Not making light of the seriousness of the situation, this can only be construed as a classic Keystone Kops scenario. The Court is respectfully requsted to carefully review the Clerk's Record vs. the Reporter's Record on this claim where the State is not being 100% honest with the Court in its answer. (see St. Supp., p.7&8; Tr. Ct. Findings, p.2 (3)). The State claims of only an abandonment of paragraphs, which on its face is truthful regarding their actions immediately prior to trial. However at a closer look of the

8.

Clerk's Record would show an altogether different story. 1) there was a re-ind-ictment. The origional filed April 1, 2010 at 10:44 contains only one charge of attempted capital murder for each of the deputies. (which by the way was legally /constitutionally sound). 2) The **re-indictment** filed onJune 17, 2010 at 11:27 actually adds not only the abandoned paragraphs, but two additional counts of aggravated of assault of a public servant for each of the Sheriff's Deputies. (which by the way violate double jeopardy). Hence the complaint that trial counsel failed to object to the State amending the indictment is in fact meritorious on the basis it was constitutionally defective, and is proven to be true by the reversal by the 13th COA. Lastly, the State's statement that the jury was not sworn until the 29th of June is false in that the record clearly reveals that on June 28, 2010 the jury was sworn and seated as the last matter of business that day. Accuracy of the information before the Court is imperative in light of the interests of justice. State's Answer fails to include the origional indictment, and the trial Court's findings fail to address it. Meine agrues that had their not been such a rush to feed him to the lions, more care and attention to law would have resulted in a proper and unbiased trial environment and a proceeding in accordance with his constitutional protections. The flippant attitude in the State's Supple-mental answer should be seen for what it is and accordingly disregarded as a whole. Meine seeks a new trial on this issue as the proceedings were in fact tainted.

PROSECUTOR'S FILE

The reason Meine's various claims may appear unsupported is due to the fact he does not possess nor have access to the file(s). The Griffin 76 S.Ct. 535, 590-91 (1956) holding establishes that an indigent defendant is entitled to an adequate record on appeal. see also IN RE George 28 S.W.3d 511, 516 (Tex. 2000); Spivey 683 F.2d 881, 885 (5th Cir. 1982). The allegations Meine refer-

9.

ences are recollections from trial. Although he possesses a miniscule record, it can be shown here to be inadequate to articulate and properly argue in proper legal fashion. The State remarks repeatedly appeallant, "presents an unsupported conclusion," or "fails to prove" his allegations. Meine possesses a copy of his appellate brief, not the State's brief on appeal, App. reply to State's brief, the appellate opinion, counsel prepared P.D.R., (Ref'd), and State's Answer to 11.07 w/ Trial Court's Findings of fact. This minute amount of record is hardly sufficient to effectively attack 2 convictions & Life sentences versus the State's complete record. Meine is operating from a fundamentally unfair position, likely by design, to which he bears the burden of proof.

Meine dilligently attempted on multiple occasions to obtain evidence supporting his allegations to no avail. It could be determined that, the reluctance of a party to relinquish entitled "work product" is potentially hiding some documentary or otherwise tangible items that could entitle Meine to relief. Here, Meine contends that these contraverted issues can be resolved by evidentiary hearing in order to develop the record, and any credibility issues regarding allegations posed. see Barrientes 221 F.3d 741, 750 (5th Cir. 2000); Ward 420 F.3d 479, 486 (5th Cir. 2005)(granting a hearing could allow appellant to prove the petition's factual allegations, and that those, if proven, would entitle the appellant to Habeas Corpus relief. citing Schriro 550 U.S. @474).

PLEA BARGAIN

Meine briefly rebutts the State's general denial here. The record Meine possesses contains no plea bargain. Does the Cler's Record contain a plea bargain offer? It would stand to reason that had the State in fact made a plea bargain attempt, the State here, would surely have provided evidence of such negating the issue. see above ¶3. see also St. Supp. Answer, p.20, "in this case, the record does not support [Meine's] contention, nor does the record support the possibility that the prosecutor was in a negotiating mood,..."

10.

There must not be any evidence of a plea bargain. Tex. Code of Crim. Proc. Art. 2.01 specifically states:

> " ...it shallbe the primary duty of all prosecuting attorneys,..., not to convict, but to see justice is done."

Recently the U.S. Supreme Court has held plea bargains are the first step to seeking justice (cite omitted). Meine does not seek self-servance, nor does he waive any due rights. If the record is devoid of a plea bargain, then the allegation is not entirely a fabrication. Meine seeks all general relief to which he is entitled.

TOTALITY OF REPRESENTATION & STATE CLAIMED "incognizable" CLAIMS

Meine claims that considering the totality of representation received, he undoubtedly got less that the 6th Amendment protections require/guarantee. Richards v. Quarterman 566 F.3d 553 (5th Cir. 2009) (Habeas relief granted @ 578 F. Supp. 2d 849 (N.D. Tex. 2008), aff'd relief. Id. @561 The Dist. Court concluded that [trial counsel's] performance was constitutionally defecient because she failed to present exculpatory evidence, requesting a lesser-inc. offense instruction, place into evidence [appellant's] medical records from the Dept. of Veteran's Affairs, and more generally, to interview important witness-es before trial, have an organized plan of defense, and conduct [appellant's] defense in an acceptable manner. But for [trial counsel's] failures, the Dist. Court concluded, there was reasonable probability that the result of [appella-nt's] trial would have been different; 1) The jury might not have convicted [appellant] of murder, 2) The jury might have convicted [appellant] of a less-er-included offense, and 3) The judge might have imposed a lesser sentence. Here, trial counsel failed to address the trial COurt's abuse of discretion in entertaining and adjudicating a defective indictment. Counsel failed to quash a defective indictment. Counsel failed to object to prosecutions advancement of a defective indictment. Counsel's failure to guard against an unfair tiral

11.

environment, which is a cornerstone of all prevailing professional norms, and the foundation of Due Process. It should also be considered, trial counsel, the judge, and prosecutor permitted a case containing a Federal Constitutional error to receive a verdict.

In <u>Miles v. State</u> 204 S.W.3d 822, 826 (Tex. Crim. App. 2006) it is quoted,

> " In later cases, the Court made clear that a federal
> constitutional error "contributes" to the verdict if
> it materially affects the jury's deliberations to
> the detriment of the defendant."

see also <u>Satterwhite v. Texas</u> 108 S.Ct. 792 (1988). The State is quick to point out relief was received on the Double Jeopardy issue. It is not contested relief for that specifically was not received. However, receiving care and sutures as a result of a stab wound, does not relieve the fact you were stabbed. The relief received does not dispense the abuse of discretion, inneffective assistance of counsel or prosecutorial misconduct, which effectuated the Double Jeopardy error. The combination thereof calls to question the confidence in the jury's verdict. The 13th COA had T.R.A.P. Rule 44.2(a) available to them but failed to utilize it.

Regarding Meine's requested lesser-included offense instruction on deadly conduct, Meine argues it should have been included, as whether aware or not, one had already been included. (see 13th COA Op., p.6). When the inclusion of a jury instruction would assist the jury in the adjudication of justice it should be included. see <u>Royster v. State</u> 622 S.W.2d 442 (Tex. Crim. App. 1981) ("<u>some</u> <u>evidence</u> in the record that would permit a jury rationally to find that if the defendant is guilty, he is only guilty of the lesser-included offense.").

Here, a rational, albeit legally confused, jury did find Meine of a lesser-included offense. (The 2 charges of agg. asst. of a pub. off.)(see 13th COA Op, p.6). The 13th COA also goes on to correctly reason,

> " Thus, there is no question the offense of deadly

12.

> conduct is included within the proof necessary
> to establish the charged offens in this case."
> see <u>Walker</u> 944 S.W.2d 199, 202-03 (Tx. App.-
> Hou.1st 1999)(citing <u>Godsey</u> 719 S.W.2d 578,
> 584 (Tex. Crim. App. 1986)("deadly conduct is
> a lesser-included offense of attempted cap-
> ital murder.").

Meine would aver the jury should have been presented with the option to choose whether the evidence supported the determination. However, a legal morass of a conundrum exists, which came first the chicken or the egg? Rephrased as, Does the reversal after jury deliberation answer whether the jury should have been permitted to address the other lesser-included offense that was denied them? This answer is now a double edged sword in that technically the jury has already answered that question, but the question was unconstitutional on presentation.

Also the remaining conviction is constitutionally suspect, hence the subsequesnt confinement is suspect, which <u>can</u> be challenged in a Habeas Corpus proceeding.

### SUFFICIENCY OF THE EVIDENCE

Meine contends that a claim of insufficiency of the evidence is a constitutional due process claim against the legality of his restraint, see <u>Greene</u> 98 S.Ct. 2151 (1978); and <u>Burks</u> 98 S.Ct. 2141 (1978).

Tex. Code of Crim. Proc. 11.07 §4(a)(2) a "subsequent"application even allows constitutional violations to be reviewed, how could they not be on first filing? There appears to be no current validity to the State's claim a constitutionally colorable claim which affects a persons liberty is not cognizable on Habeas Corpus. Here Meine specifically challenges his confinement, the evidence was insufficient, and the judgment is void. A void judgment may be attacked at any time.

### CONCLUSION AND PRAYER

Wherefore premises having been duly considered, Todd Meine, Applicant,

13.

Pro Se, respectfully requests that this Honorable Court find that: 1) There are controverted issues & previously unresolved fact issues to the legality of Mine's conviction and confinement; 2) expansion of the record by an evidentiary hearing would permit Meine to prove factual allegations that would entitle him to Habeas Corpus relief; 3) assertions in Meine's application are correct and factually supported in the record; 4) and Meine has met enough burden that would permit this Honorable Court to Grant Habeas Corpus relief; 5) Meine humbly and respectfully requests the Court Grant the relief requested herein. Meine further requests that his pleadings be given liberal construction due to the fact that he is not a qualified or professional attorney, nor is he a paralegal. He requests that he be not held to a high standard as is expected of an attorney. (see Haines v. Kerner 92 S.Ct. 594 (1972); and Husley v. Owens 63 F.3d 354 (5th Cir. 1995)). Lastly, Meine prays he be granted all relief to which he is entitled under either State or Federal Law.

Respectfully Submitted,

Todd Meine 3/9/15

Todd Meine, Pro Se
TDCJ# 1652556 McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102-8583
361.362.2300 (ph.)
361.362.3011 (fax)

14.

DECLARATION

I, Todd Meine, does now attest that the foregoing documents and information are true and correct and are thusly sworn to under penalty of perjury to their validity. (T.C.P. & R. §132.001-132.003 and 28 U.S.C. §1746).

*Todd Meine* 3/9/15
Todd Meine, Pro Se


CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing and inclused documents have been properly served upon the parties listed below at their respective addresses, as well as delivered to this court. The documents were placed in the Wm. G. McConnell Unit mailbox with first class, pre-paid postage affixed, addressed to the Texas Court of Criminal Appeals, c/o Clerk of the Court Hon. Abel Acosta at P.O. Box 12308 Austin, Texas 78711-2308.

Executed on this the 9th day of March, 2015.

*Todd Meine* 3/9/15
Todd Meine, Pro Se

also served:

Mark Skurka District Attorney
Nueces Co. Courthouse
901 Leopard, Rm. 206
Corpus Christi, Texas 78401-3681

15.