Lonnie Lee GARRETT, Appellant,

v.

The STATE of Texas, State.

No. 2–03–306–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 6, 2005.

Rehearing Overruled Jan. 27, 2005.

Abe Factor, Factor, Campbell & Shepard, L.L.P., Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Michael Casillas, Mark Thielman & Michael S. Gordon, Asst. Criminal Dist. Atty's, Fort Worth, for appellee.

PANEL B: DAUPHINOT, HOLMAN, and McCOY, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Lonnie Lee Garrett of aggravated assault of a public servant, and the trial court sentenced him to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice as a habitual offender. Appellant brings two points on appeal, arguing that the erroneous jury charge violated his right to due process and caused him to suffer egregious harm. Because we hold that the erroneous charge did not cause Appellant egregious harm or violate his right to due process, we affirm the trial court's judgment.

### BACKGROUND FACTS

At 1:40 a.m. in Arlington, Texas, Appellant drove on to a wet and slippery entrance ramp to Interstate 30, lost control of his pickup truck, and hit a firefighter, Kurt Kundert, who was putting cones and flares out on the road to signal that an accident had occurred. Kundert and Officer Brian Hamilton were replacing flares that had burned out and adding additional flares and cones because prior to Appellant's loss of control, at least two other cars had slid through the area marked with the flares and cones.

When Appellant's truck came to a stop, Hamilton pulled Appellant out of the vehicle. Hamilton smelled alcohol and asked Appellant to perform field sobriety tests. In Hamilton's opinion, Appellant failed the tests, so he arrested him. After Appellant arrived at the police station, he again performed the field sobriety tests, which he passed. At the jail, Hamilton heard Appellant say that it was not his fault that he hit the firefighter because the firefighter ran out in front of him.

Appellant was charged with aggravated assault of a public servant with a deadly weapon causing serious bodily injury, aggravated assault of a public servant with a deadly weapon causing bodily injury, and intoxication assault. At trial, the State waived the intoxication assault charge. The trial court instructed the jury that "[t]he actor is presumed to have known the person assaulted was a public servant if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant." After eight hours of deliberation spanning two days, the jury found Appellant guilty of aggravated assault of a public servant causing serious bodily injury, but there was no deadly weapon finding.

## LEGAL ANALYSIS

### A. Standard of Review

■ Appellate review of error in a jury charge involves a two-step process.[1]

Initially, we must determine whether error occurred.[2] If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.[3] Error in the charge, if timely objected to in the trial court, requires reversal if the error was "calculated to injure the rights of the defendant," which means no more than that there must be *some* harm to the accused from the error.[4] In other words, a properly preserved error will call for reversal as long as the error is not harmless.[5] On the other hand, unobjected to error in a jury charge does not require reversal unless we determine that an appellant suffered *egregious* harm, that is, such harm that the appellant did not have a fair and impartial trial.[6] In cases involving unobjected to error, we apply the article 36.19 and *Almanza* egregious harm analysis regardless of whether the appellant affirmatively accepts the charge of the court.[7] In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[8]

### B. Presumptions

■ Appellant correctly argues that mandatory presumptions are unconstitu-

---

1. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim.App.1994).

2. *Id.*

3. *Id.* at 731–32.

4. Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *see also Abdnor,* 871 S.W.2d at 731–32; *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g).

5. *Almanza,* 686 S.W.2d at 171.

6. *Id.; see* Tex.Code Crim. Proc. Ann. art. 36.19; *Hutch v. State,* 922 S.W.2d 166, 171 (Tex. Crim.App.1996).

7. *Bluitt v. State,* 137 S.W.3d 51, 53 (Tex.Crim. App.2004).

8. *Hutch,* 922 S.W.2d at 171; *Almanza,* 686 S.W.2d at 171; *see also Ovalle v. State,* 13 S.W.3d 774, 786 (Tex.Crim.App.2000).

tional because they relieve the State of its burden of proving guilt beyond a reasonable doubt.[9] Consequently, as the State acknowledges, when the trial court includes any jury charge language regarding a legal presumption, the trial court must also submit the jury instruction required by section 2.05(2) of the Texas Penal Code.[10] Section 2.05 provides:

When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable

doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.[11]

 The instruction converts what would otherwise be a mandatory presumption into a permissive presumption. Permissive presumptions do not lessen the State's burden of proof.[12] A permissive presumption permits, but does not require, the fact finder to find a presumed fact upon proof of the predicate fact.[13] It places no burden on the accused to disprove the presumed fact.[14]

### C. Application

 In the case now before this court, the trial court instructed the jury that "[t]he actor is presumed to have known the person assaulted was a public servant if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant." The trial court did not, however, include a section 2.05 instruction. The charge was therefore clearly erroneous.

 Although the trial court asked for objections to the proposed jury charge, Appellant's trial counsel stated, "None from the Defense." On appeal, however, Appellant argues that the erroneous jury instruction constituted denial of due process. Because Appellant did not object at trial to the error in the court's charge, we

---

**9.** *Francis v. Franklin,* 471 U.S. 307, 317, 105 S.Ct. 1965, 1972, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 524, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979).

**10.** Tex. Penal Code Ann. § 2.05(2) (Vernon 2003).

**11.** *Id.* § 2.05.

**12.** *Willis v. State,* 790 S.W.2d 307, 310 (Tex. Crim.App.1990).

**13.** *Id.*

**14.** *Id.*

must decide whether egregious harm occurred.[15]

Appellant correctly points out that aggravated assault, ordinarily a second degree felony, is elevated to a first degree felony when it is committed against a person the defendant knows is a public servant while the public servant is lawfully discharging an official duty.[16] Appellant's knowledge that the complainant was a public servant lawfully discharging an official duty is the element to which the presumption relates. In addition to the presumption instruction, however, the jury charge correctly instructs the jury that this knowledge element is an element the State is required to prove. Additionally, as the State points out, the charge also instructs the jury that the prosecution has the duty of proving each and every element of the offense charged beyond a reasonable doubt. Failure to do so requires acquittal. Furthermore, the application paragraph includes the instruction that the jury must find that Appellant "knew that [the complainant] was a public servant in order to convict."

Our review of the evidence reveals that Appellant, a short time after Complainant was struck by Appellant's vehicle, referred to Complainant as a firefighter. Additionally, the record and statements of counsel do not indicate that Appellant's awareness that Complainant was a firefighter was a contested issue. Nor does the record indicate that Appellant's awareness that Complainant was engaged in the lawful discharge of his official duties was a contested issue at trial, although the record does not contain an admission that Appellant was aware of this circumstance. The record does reflect that Complainant was putting out cones and flares and dressed in distinctive clothing that Appellant recognized as that of a firefighter. It also reflects that two police cars and a fire engine, all with their emergency lights flashing, were visible at the accident scene at the time Appellant drove into it.

Based upon our review of the entire record, we conclude that the omission of the section 2.05 instruction, although error, did not cause Appellant egregious harm. Appellant also argues that the error constituted denial of due process, but in light of the record before us, we similarly hold that the error did not constitute a denial of due process. We overrule Appellant's two points on appeal.

## CONCLUSION

Having overruled Appellant's two points, we affirm the trial court's judgment.

---

15. *Bluitt,* 137 S.W.3d at 53; *Almanza,* 686 S.W.2d at 171; *see* TEX.CODE CRIM. PROC. ANN. art. 36.19; *Hutch,* 922 S.W.2d at 171.

16. TEX. PENAL CODE ANN. § 22.02(a)(1), (b)(1) (Vernon Supp.2004–05).