Ann Cantrell NEELY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00171–CR.

Court of Appeals of Texas, Waco.

April 26, 2006.

H.F. Rick Hagen, Jackson & Hagen, Denton, for appellant.

Bruce Isaaks, Denton County Criminal District Attorney, Denton, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

BILL VANCE, Justice.

Ann Neely was charged by information with the misdemeanor offense of deadly conduct for allegedly pointing a rifle at another person. A jury found her guilty,

and the trial court sentenced her to 250 days in jail, probated for 18 months, and assessed a $500 fine. Asserting three issues complaining of charge error, she appeals. We will affirm.

Neely's daughter had a home in rural Denton County, adjacent to an oilfield-service business partly owned by the complainant, Chris Anderson. A fence separated the properties. On a visit, Neely's daughter complained of blackbirds (or grackles) in her trees, so Neely, an experienced hunter, used a .22 caliber pistol to shoot some of the birds. Anderson angrily complained to Neely's daughter that the shots went toward him and his co-workers. Neely, who was then holding a rifle and pointing it upward, lowered and pointed it at Anderson. He said that Neely smiled, as if it were funny. Anderson called 9–1–1 and reported to the sheriff's department that Neely had fired gunshots over the heads of him and his co-workers and that she had pointed a rifle at him. Two of the co-workers corroborated Anderson's testimony.

Neely's version was that during the shootings, Neely's daughter brought her an unloaded rifle with a scope, and Neely only looked through the scope. Neely admitted shooting the birds with a pistol and pointing the rifle at the trees to look through its scope, but she denied pointing the rifle at anyone. Neely's daughter and grand-daughter corroborated her version.

Neely was charged with deadly conduct:

(a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.

. . .

(c) Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded.

Tex. Pen.Code Ann. § 22.05(a), (c) (Vernon 2003).

The charge contained an instruction consisting of the verbatim presumption in section 22.05(c). Neely objected to the presumption instruction, asserting that it was a comment on the evidence and that it violated due process. The trial court overruled those objections.

In her three issues, Neely complains in essence that the trial court erred in submitting the presumption instruction without an accompanying instruction under section 2.05 of the Penal Code, which provided at the time of the offense:

When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable

doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 2.05, 1993 Tex. Gen. Laws 3586, 3591 (current version at TEX. PEN. CODE ANN. § 2.05 (Vernon Supp.2005)).

■■■■ The State agrees that an accompanying section 2.05(2) instruction was required;[1] without it, the charge's section 22.05(c) instruction is an unconstitutional, mandatory presumption. *See State v. Lewis*, 151 S.W.3d 213, 223 (Tex.App.-Tyler 2004, pet. ref'd) (citing *Willis v. State*, 790 S.W.2d 307, 309–10 (Tex.Crim.App. 1990)); *Webber v. State*, 29 S.W.3d 226, 230 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (citing *Willis*). But as noted above, Neely did not object on this basis in the trial court.[2] An unpreserved complaint about charge error is reviewed for "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171–72 (Tex.Crim.App.1985) (op. on reh'g); *see, e.g., Garrett v. State*, 159 S.W.3d 717, 719–21 (Tex.App.-Fort Worth 2005, pet. granted); *Lewis*, 151 S.W.3d at 223–24; *Webber*, 29 S.W.3d at 231–37. Egregious harm is a difficult standard that is determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex.Crim.App.2002). Errors that result in egregious harm are those

that affect "the very basis of the case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996) (citing *Almanza*, 686 S.W.2d at 172). The harm must be actual, not just theoretical. *Almanza*, 686 S.W.2d at 174. In deciding whether egregious harm exists, we look at (1) the charge itself, (2) the state of the evidence, including contested issues, (3) the arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Hutch*, 922 S.W.2d at 171.

We first consider the entire jury charge, which stated the elements of the offense and defined pertinent terms. It instructed the jury that Neely is presumed innocent and that it must find her guilty beyond a reasonable doubt or acquit her. It specifically stated that Neely is not required to prove her innocence and that the presumption of innocence is sufficient alone to acquit her. These general instructions do not remedy the error in the charge. *Lewis*, 151 S.W.3d at 224 (citing *Francis v. Franklin*, 471 U.S. 307, 319–20, 105 S.Ct. 1965, 1974, 85 L.Ed.2d 344 (1985)); *Webber*, 29 S.W.3d at 236 (citing *Francis*).

Next, we consider the state of the evidence and focus on whether the charge error relates to a contested issue, which, in this case, was whether Neely pointed the rifle at Anderson at all. Because whether Neely's pointing a rifle was reckless and dangerous was not a contested issue, the

---

**1.** Article 36.14 requires the trial court to deliver a charge setting forth the law applicable to the case. TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon 1981 & Supp.2005). A trial court's failure to include the required section 2.05 instruction is error. *Webber v. State*, 29 S.W.3d 226, 231 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

**2.** Neely's complaints on appeal do not comport with the objections made in the trial

court, which is necessary for preservation of the complaint. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App.1995) (point of error must correspond to objection made at trial, and objection stating one legal theory may not be used to support different legal theory on appeal). For this reason, we treat Neely's complaint as though no objection was made. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

charge error did not relate to a contested issue and was benign.

In voir dire and closing argument, the State mentioned the presumption, but its overriding theme was that the jury's verdict depended on whether the jury believed that Neely pointed the rifle at Anderson at all. Neely does not challenge the sufficiency of the evidence, which, in this case, supports the verdict.

Courts of appeals have recently held that where the great weight of the evidence supports the facts giving rise to the presumption, egregious harm has not occurred. *See Lewis,* 151 S.W.3d at 224; *Webber,* 29 S.W.3d at 237; *Rudd v. State,* 921 S.W.2d 370, 373 (Tex.App.-Texarkana 1996, pet. ref'd); *Maldonado v. State,* 902 S.W.2d 708, 713 (Tex.App.-El Paso 1995, no pet.). The great weight of the evidence shows that Neely knowingly pointed a rifle at Anderson, *i.e.,* the facts giving rise to the presumption. On this record, we therefore find no egregious harm.

We overrule Neely's three issues and affirm the trial court's judgment.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The majority and the State confuse preservation with the responsibility to direct the trial court on precisely how to fix the problem. Restated, the question regarding preservation presented herein is whether an objection is sufficient if it points out the problem, or must it also state the cure? Defense counsel made a timely and specific objection, not unlike Vinny Gambini in the movie, *My Cousin Vinny:*

> **Vinny Gambini:** I object to this witness being called at this time. We've been given no prior notice he'd testify. No discovery of any tests he's conducted or reports he's prepared. And as the court

is aware, the defense is entitled to advance notice of any witness who will testify, particularly those who will give scientific evidence, so that we may properly prepare for cross-examination, as well as give the defense an opportunity to have the witness's reports reviewed by a defense expert, who might then be in a position to contradict the veracity of his conclusions.
>
> **Judge Chamberlain Haller:** Mr. Gambini?
>
> **Vinny Gambini:** Yes, sir?
>
> **Judge Chamberlain Haller:** Mr. Gambini, that is a lucid, intelligent, well thought-out objection.
>
> **Vinny Gambini:** Thank you.
>
> **Judge Chamberlain Haller:** Overruled.

*My Cousin Vinny,* (20th Century Fox 1992) (motion picture). Defense counsel's objection and the ruling thereon follow:

> MR. HAGEN: Judge, my—the only objection I have to the charge, other than that paragraph, is the inclusion of a presumption in the charge, and specifically the language that reads recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another, whether or not the actor believed the firearm to be loaded. I have a two part objection to that, that's a comment on the evidence and that presumptions in criminal law have been held to violate the due process clause of the United States Constitution. So that's my first objection, that you cannot presume facts in a criminal case. So I'd like a ruling on that one first.
>
> THE COURT: Okay. I'm going to overrule that. And the reason that I'm going to overrule that is, one, I follow the statutes and the appellant [sic] courts of the State of Texas, and I do not want to make any ruling that makes

it, you do this in County Criminal Court No. 4 in Denton County, but the rest of the State is doing something else. So I overrule your constitutional arguments on that as that's not been—that's not been addressed elsewhere. And so you have—I've overruled that for that reason.

The problem with the court's ruling, and stated reason for the ruling, is that it is wrong because it has been addressed elsewhere and the result was that the substitution of presumptions for evidence of elements of the offense has been held to violate the due process clause of the United States Constitution.

The United States Supreme Court has held:

> The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." * * * * * This "bedrock, 'axiomatic and elementary' [constitutional] principle," * * * * *, prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. * * * * *.

*Francis v. Franklin,* 471 U.S. 307, 313, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (internal citations omitted). Mandatory presumptions are unconstitutional. *Willis v. State,* 790 S.W.2d 307, 309 (Tex.Crim.App.1990).

Having improperly determined that the error was not preserved, the majority applies an incorrect standard of review for charge error under *Almanza. Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). In conducting their charge error analysis, they also discount the contested nature of the issue—three witnesses say

Neely pointed the gun at Anderson, three say she did not.

I disagree with the majority's conclusion that recklessness and danger are not contested issues when they are elements of the offense. The State told the jury from the very beginning, during jury selection, that two elements of the offense were presumed.

> [R]ecklessness and danger are presumed. In other words, the State doesn't have to go crazy trying to prove it, right? If the actor knowingly pointed a firearm at or in the direction of another, whether or not the actor believed the firearm to be loaded. [RR2 26–27].

And in closing arguments, the State forcefully argued application of the presumption provided proof of elements of the offense. The State argued:

> The question, I guess, would be whether or not they recklessly engaged. Well, here's recklessness. Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another, whether or not the actor believed the firearm to be loaded. [RR3 247].

Because the issue of intent to point the firearm was a hotly contested issue at trial and the finding thereon is what allows the application of the presumption, and because the use of a presumption *is* a violation of due process in a criminal case, I conclude the use of the presumption was error and was not harmless. I would reverse and remand for further proceedings. Because the majority does not, I respectfully dissent.