NO. 07-06-0263-CR
NO. 07-06-0264-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 17, 2007
_____

RICKY LYNN MARSH,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NOS. 6919 & 6920; HON. LEE WATERS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Ricky Lynn Marsh (appellant) appeals his convictions for possessing a controlled substance with intent to deliver and possessing certain chemicals (anhydrous ammonia) with intent to manufacture controlled substances. Via three issues, he contends that 1) the trial court erred by failing to suppress evidence that was obtained unlawfully and 2)

§481.124 of the Texas Health and Safety Code violates his constitutional rights to due process and a fair trial.  We affirm.

*Background*

On April 4, 2004, a search warrant was issued authorizing the search of appellant's residence.  The warrant was founded upon the affidavit of Officer Vincent Marasco (Marasco).  In his affidavit, Marasco stated that 1) appellant's premises contained methamphetamine and the components of methamphetamine, *i.e.* anhydrous ammonia, ether and Sudafed, 2) appellant was a known methamphetamine user, 3) Pampa police officer Jarrett Parsons smelled anhydrous ammonia and ether coming from appellant's home on March 26, 2004, and March 28, 2004, 4) Deputy Scott Larue (Larue) observed Michael Craig Knutson (Knutson), a known methamphetamine user leave appellant's premises on April 4, 2004, 5) due to Knutson's erratic driving as he left appellant's home, Larue began to follow him, 6) Knutson continued to drive erratically, which conduct led Larue to believe Knutson was attempting to evade him, 7) Larue observed Knutson throw a Pepsi bottle out of the car which resulted in Larue stopping and arresting Knutson for littering, 8) Larue stated that he had lost Knutson while following him on Atchison Street and later returned to the street only to find methamphetamine on the ground, 9) Knutson later admitted to owning the methamphetamine and having obtained it from appellant, and 10) Knutson also disclosed that appellant not only had more methamphetamine at his residence but also was manufacturing it there.

Based on Marasco's affidavit, the trial court issued the warrant in question.  And, upon its execution both methamphetamine and anhydrous ammonia were discovered at

2

the location searched. This resulted in appellant's indictment for the crimes of which he was later found guilty by a jury.

### Issue One - False Statements in the Affidavit Supporting Search Warrant

In his first issue, appellant attacks the search warrant and the affidavit in support of it by contending that various statements in the affidavit were false. This ground was not asserted below, however. Rather, appellant thought the warrant defective solely on the basis that it omitted information regarding Knutson's reliability and trustworthiness. Consequently, the issue before us was not preserved, is waived, and is overruled. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that the grounds for objection raised on appeal must comport with those raised at trial, otherwise they are waived).

### Issue Two - Affidavit Fails to Show Informant Reliable and Trustworthy

Next, appellant contends that Larue's affidavit was fatally defective because it failed to "establish the credibility of [Knutson] necessary to establish probable cause." We disagree and overrule the issue.

It is beyond dispute that a search warrant may not be issued unless sufficient facts are presented to a magistrate which permit him to conclude that probable cause exists supporting the warrant's issuance. TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (Vernon 2005); *Taylor v. State*, 54 S.W.3d 21, 24 (Tex.App.–Amarillo 2001, no pet.). Furthermore, these facts must not only be contained in a "sworn affidavit" accompanying the application for the warrant but also illustrate that 1) a specific offense was committed, 2) the specifically described property or items to be sought and seized constitute evidence of that

3

offense or evidence that a particular person committed the offense, and 3) the property or items in question are located at or on the particular person, place or thing to be searched. TEX. CODE CRIM. PROC. ANN. art. 18.01(c); *Taylor v. State*, 54 S.W.3d at 24. Whether the facts mentioned in an affidavit are adequate to establish probable cause depends on the totality of the circumstances. *Ramos v. State*, 934 S.W.2d 358, 362-63 (Tex. Crim. App.1996); *Taylor v. State*, 54 S.W.3d at 24. They do so when they permit one to reasonably conclude that the object of the search is probably on the premises. *Id*. In other words, the magistrate must have before him sufficient facts upon which to reasonably conclude that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Taylor v. State*, 54 S.W.3d at 24. And, it is our duty to insure that the magistrate had a "'substantial basis'" for so concluding. *Illinois v. Gates*, 462 U.S. at 238-39, 103 S.Ct. at 2332, 76 L.Ed.2d 527; *Taylor v. State*, 54 S.W.3d at 24. Finally, in reaching his decision, the magistrate may draw reasonable inferences from facts and circumstances alleged in the affidavit. *Ramos v. State*, 934 S.W.2d at 363; *Taylor v. State*, 54 S.W.3d at 24.

Whether or not information from an unnamed informant alone may establish probable cause, we have more than that here. First, appellant was a known drug user. Second, Knutson inculpated himself when admitting that the methamphetamine found was his and that he bought it from appellant. *See Montgomery v. State*, No. 02-03-425-CR, 2005 Tex. App. LEXIS 3467 (Tex. App.–Fort Worth May 5, 2005, pet. ref'd) (not designated for publication) (stating that a statement against penal interest is inherently credible and

4

may be sufficient, in and of itself, to establish probable cause); *Cornealius v. State*, 870 S.W.2d 169, 172 (Tex. App.–Houston [14th Dist.] 1994) *aff'd*, 900 S.W.2d 731 (Tex. Crim. App. 1995) (stating the same). Third, Knutson was actually seen by the police leaving appellant's house, and he exhibited a consciousness of guilt in attempting to evade apprehension as he drove from that house. Fourth, the smell of anhydrous ammonia and ether (precursors of methamphetamine) had been detected emanating from appellant's home days earlier. These indicia were enough to independently verify the reliability and bolster the substance of Knutson's information. *See Abercrombie v. State,* 528 S.W.2d 578, 583-85 (Tex. Crim. App. 1974) (holding that the absence of an allegation of prior reliability is not *ipso facto* a fatal defect in the affidavit and other factors may be considered in determining reliability including a statement against penal interest). Therefore, the contents of the affidavit sufficed to show probable cause that methamphetamine would be found on appellant's premises.

### Issue Three - Burden of Proof for Possession of Chemicals

Via his final issue, appellant attacks his conviction for possessing anhydrous ammonia. The conviction was allegedly unconstitutional because §481.124 of the Texas Health and Safety Code created a presumption favoring the State and lessening its burden of proof. We disagree and overrule the issue.

Mandatory presumptions are a cause of concern and may improperly lessen the State's burden of proof by either removing the presumed element from the case entirely or impermissibly shifting the burden to the defendant. *See, e.g., Sandstrom v. Montana*, 442 U.S. 510, 523-24, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (finding a jury instruction

violated due process when it included a presumption that lessened the State's burden to prove the essential elements of the case beyond a reasonable doubt). Moreover, phrases such as "are presumed" or "the law presumes" evince mandatory presumptions. *Webber v. State,* 29 S.W.3d 226, 230-31 (Tex. App.–Houston [14ᵗʰ Dist.] 2000, pet. ref'd).

By contrast, permissive presumptions are generally constitutional. *See Willis v. State*, 790 S.W.2d 307, 310 (Tex. Crim. App. 1990) (en banc). They allow, but do not require, the jury to infer an element of the offense from predicate facts established by the State. *Id.* More importantly, to transform a mandatory presumption into a permissive one so it can pass constitutional muster, the legislature enacted §2.05 of Texas Penal Code. *Id.; Garrett v. State,* 159 S.W.3d 717, 720 (Tex. App.–Fort Worth 2005, no pet.)*.* That provision obligates the trial court to include the following in its jury instruction:

> if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:
>
> (A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;
>
> (B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;
>
> (C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and
>
> (D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

TEX. PENAL CODE ANN. §2.05(a)(2) (Vernon Supp. 2006).

Next, the presumption involved here arises from §481.124(c)(2) of the Health and

Safety Code. According to that provision,

> . . . a substance is presumed to be anhydrous ammonia if the substance is in a container or receptacle that is: (1) designed and manufactured to lawfully hold or transport anhydrous ammonia; or (2) not designed and manufactured to lawfully hold or transport anhydrous ammonia if: (A) a properly administered field test of the substance using a testing device or instrument designed and manufactured for that purpose produces a positive result for anhydrous ammonia; or (B) a laboratory test of a water solution of the substance produces a positive result for ammonia.

TEX. HEALTH & SAFETY CODE ANN. §481.124(c)(2) (Vernon Supp. 2006). And, this was told

to the jury. Yet, the statutory language of §2.05(a)(2) was also included in the instruction.

Given that circumstance, we cannot say the instruction crossed into the zone of

unconstitutionality.

Having overruled all issues, we affirm both judgments of the trial court.


Brian Quinn
Chief Justice

Do not publish.

7