IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-334-05






LONNIE LEE GARRETT, Appellant



v.



THE STATE OF TEXAS 





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J., Meyers,
Price, Womack, Keasler, Hervey, and Cochran, JJ, joined. Johnson, J.,
concurred.


 We granted Lonnie Lee Garrett's first ground for review, in which he makes two
distinct arguments: (1) the court of appeals erred in failing to address an issue not raised by
him in his original brief, but upon which the court of appeals ordered supplemental briefing;
and (2) the court of appeals' harm analysis regarding federal constitutional error in the jury
charge was inadequate or incorrect. We affirm the judgment of the court of appeals.

I. Background 

 While traveling on a rain-slicked road during early morning hours in Tarrant County,
Garrett came upon an accident scene, where police and firefighters were placing flares and
cones on the road. Testimony was admitted showing that Garrett was not traveling over the
speed limit, but that he was traveling much faster than other drivers who had come upon the
accident scene. Garrett's car slammed into the cones and hit a firefighter, who was wearing
a reflective vest with "Arlington Fire Rescue" embossed on it. The firefighter suffered a
broken leg, torn tendons, and knee and head injuries. Garrett failed field sobriety tests at the
scene but passed the tests when administered to him an hour later. He refused to take a
breath-alcohol test. Although charged with other and greater offenses, Garrett was convicted
by a petit jury of aggravated assault of a public servant causing serious bodily injury. See
Tex. Pen. Code §§ 22.01(a)(1), 22.02(a)(1), (b)(2)(B).

 On direct appeal, Garrett raised two complaints--that an unobjected-to error in the
jury charge violated both federal and state law. Before issuing an opinion, the court of
appeals issued two orders requesting supplemental briefing regarding the sufficiency of the
evidence to convict, the later of which stated in pertinent part:

 "Aggravated assault of a public servant is a result-oriented offense. There are
two requisite mental states for the offense in this cause--recklessly and
knowingly. **** The Court requests briefing concerning the evidence that
Appellant acted recklessly after he became aware that the person who could
be injured was a public servant. That is, if Appellant consciously disregarded
a substantial risk that he would cause serious bodily injury to a public servant,
what acts evidence this conscious disregard? See Tex. R. App. P. 38.7." 


 The parties submitted supplemental briefs as requested, (1) but the court of appeals did
not address the factual sufficiency of the evidence in its written opinion. Garrett v. State,
159 S.W.3d 717 (Tex. App.--Fort Worth 2005). Garrett complains now that the court of
appeals was required to do so. Garrett also complains that the court of appeals did not
adequately address why the federal due process error in the charge was harmless. We
address these arguments in turn.

II. May an appellate court choose not to address a matter when the court requests briefing
upon the matter on its own motion?


 Rule 47.1 of the Rules of Appellate Procedure requires that an appellate court "hand
down a written opinion that is as brief as practicable but that addresses every issue raised and
necessary to final disposition of the appeal." Rule 38.7 provides that "[a] brief may be
amended or supplemented whenever justice requires, on whatever reasonable terms the court
may prescribe."

 The parties suggest that our resolution of the first part of Garrett's ground for review
hinges on a construction of these two rules. Garrett argues that these two rules required the
court of appeals to address the factual sufficiency of the evidence in its written opinion. The
State does not necessarily disagree, but argues that requiring a court of appeals to, in effect,
grant a supplemental issue for review by the mere request for supplemental briefing would
constrain courts of appeals from asking for briefing on matters upon which it has some
concern but which were not raised in the original brief. 

 Resort to these two rules, whether considered individually or together, does not fully
resolve the complaint before us. Therefore, we construe these two rules in the framework
of the Rules of Appellate Procedure as a whole and in light of the court of appeals' orders
for supplemental briefing in this case. See Rochelle v. State, 791 S.W.2d 121, 124 (Tex.
Crim. App. 1990) (where resolution of issue cannot be achieved by resort to any one rule of
appellate procedure, the appellate court will look to the interplay of several rules in
determining correct result). 

 Because the court of appeals' orders ordering briefing on the sufficiency of the
evidence did not grant or even impliedly grant a supplemental issue for review, we conclude
that Rule 38.1(e) controls the resolution of Garrett's complaint. Rule 38.1 requires that an
appellant designate all issues for review in the original brief. Indeed, Rule 38.1 allows an
appellant to present whatever issues for review he or she desires, with very few limitations. 
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (once an appellate court has
jurisdiction over a case, the limits of the issues that the court may address are set only by that
court's discretion and any valid restrictive statute). Thus, an appellant is the master of his
or her own destiny with respect to what issues the court of appeals is required to address
within its written opinion. Had Garrett raised the sufficiency of the evidence in his original
brief, or had the court of appeals explicitly granted the supplemental issue for review when
it requested supplemental briefing, the court of appeals, pursuant to Rule 47.1, would have
been required to address the issue concerning the factual sufficiency of the evidence in its
written opinion. See Rochelle, 791 S.W.2d at 125 (policy of appellate rules is that all matters
to be addressed must be raised in the original brief); cf. Rogers v. City of Fort Worth, 89
S.W.3d 265, 284 (Tex. App.--Fort Worth 2002, no pet.) (addressing supplemental issue in
accordance with Rule 38.7 because the court granted the City leave to file a post-submission
brief); see also Randle v. State, 878 S.W.2d 318, 319 (Tex. App.--Houston [1st Dist.] 1994,
pet. ref'd) (declining to address supplemental issue for review and noting that appellant gave
no reason for failing to raise new complaint in original brief). In construing the rules of
appellate procedure as a whole and the orders of the court of appeals, we hold that the court
of appeals was not required to address the factual sufficiency of the evidence to sustain
Garrett's conviction in its written opinion. See Rochelle, 791 S.W.2d at 125 ("[t]he idea that
a party may force a new issue on an appellate court after briefs have been filed is foreign to
the rules"); see also Pena v. State, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (it is
wellestablished that courts of appeals may review unassigned error); see, e.g., Romero v.
State, 927 S.W.2d 632, 634 n.2 (Tex. 1996) (declining to address issue raised for the first
time in post-submission brief). 

III. Did the court of appeals fail to adequately analyze Garrett's federal due process
complaint?

 

 At the conference on the charge, the trial court asked Garrett whether he had any
objection to the court's charge. Garrett replied that he did not. In the court of appeals,
however, Garrett complained that an error in the charge violated state and federal law. 
Specifically, Garrett complained that the charge contained a presumption pursuant to Section
22.01(d) of the Texas Penal Code, (2) but did not contain an instruction to convert this
mandatory presumption into a permissive presumption. The court of appeals held that the
failure to include the instruction under Penal Code § 2.05 (3) violated both state statutory law
and federal constitutional law. 

 The court of appeals analyzed the unobjected-to error under Almanza v. State, 686
S.W.2d 157 (Tex. Crim. App. 1985), and concluded that Garrett did not suffer egregious
harm. In doing so, the court of appeals reviewed only the evidence supporting the element
upon which the presumption rested. (4) See Garrett, 159 S.W.3d at 721 (noting that Garrett
made a res gestae statement that he hit a "firefighter" and that at no time during trial did
Garrett contest that he knew complainant was a public servant). 

 Garrett's second half of his first ground for review complains that the court of appeals
did not adequately analyze the harm flowing from his federal due process claim. This
complaint appears to be two-fold. First, relying on a concurring opinion in Carella v.
California, 491 U.S. 263 (1989), Garrett implies that the error in the charge should not have
been analyzed in the same way that courts ordinarily conduct harmless error review; and
second, that the court of appeals' one-sentence holding relating to federal constitutional error
in the jury charge, as set forth and emphasized here, was woefully inadequate. 

 Based upon our review of the entire record, we conclude that the omission of
the section 2.05 instruction, although error, did not cause Appellant egregious
harm. Appellant also argues that the error constituted denial of due process,
but in light of the record before us, we similarly hold that the error did not

 constitute a denial of due process. 

 

 

Garrett, 159 S.W.3d at 721 (emphasis added). 


We address these arguments in turn. 

 A. Should the error in the charge be subject to the standard harmless-error review?
 Mandatory presumptions are unconstitutional because they relieve the State of the
burden of proving every element of the offense beyond a reasonable doubt. Francis v.
Franklin, 471 U.S. 307, 317 (1985); Sandstrom v. Montana, 442 U.S. 510, 524 (1979);
Brown v. State, 122 S.W.3d 794, 799 (Tex. Crim. App. 2003). In this prosecution for
aggravated assault of a public servant, the trial court properly instructed the jury that "the
actor is presumed to have known the person assaulted was a public servant if the person was
wearing a distinctive uniform or badge indicating the person's employment as a public
servant." See Tex. Pen. Code Ann. § 22.02(b). However, the jury charge did not include
an instruction pursuant to Texas Penal Code § 2.05, which effectively converts a mandatory
presumption into a permissive presumption. (5) The court of appeals implicitly held that the
trial court's failure to include an instruction under section 2.05 of the Texas Penal Code was
federal constitutional error. See Garrett, 159 S.W.3d at 721.

 Relying on Justice Scalia's concurring opinion in Carella v. California, Garrett seems
to argue that the jury charge error should have been analyzed as a fundamental error or a
structural interference with his right to trial by jury and, therefore, automatic reversible error
unamenable to harmless-error review. See Appellant's Brief on the Merits at 10, citing
Carella, 491 U.S. at 268. We disagree. 

 "Except for certain federal constitutional errors labeled by the United States Supreme
Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any
other mandatory requirement, is categorically immune to a harmless error analysis." Cain
v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); see also Johnson v. State, 169 S.W.3d
223, 235 (Tex. Crim. App. 2005) (noting the types of errors held to be structural by the
United States Supreme Court). Because the majority in Carella clearly states that mandatory-presumption errors in the jury charge are subject to harmless-error review, we hold that the
court of appeals did not err in failing to hold that the error here was "structural" or
"fundamental" error. The court of appeals' analysis focused only upon the evidence relating
to the element upon which the erroneous presumption relied; that is, it did not conduct the
ordinary entirety-of-the-record review, which often considers whether there was
overwhelming evidence of guilt. We set forth the court of appeals' harmless-error analysis 
in its entirety below.

 Our review of the evidence reveals that Appellant, a short time after
Complainant was struck by Appellant's vehicle, referred to Complainant as a
firefighter. Additionally, the record and statements of counsel do not indicate
that Appellant's awareness that Complainant was a firefighter was a contested
issue. Nor does the record indicate that Appellant's awareness that
Complainant was engaged in the lawful discharge of his official duties was a
contested issue at trial, although the record does not contain an admission that
Appellant was aware of this circumstance. The record does reflect that
Complainant was putting out cones and flares and dressed in distinctive
clothing that Appellant recognized as that of a firefighter. It also reflects that
two police cars and a fire engine, all with their emergency lights flashing, were
visible at the accident scene at the time Appellant drove into it.

 

Based on the court of appeals' reasoning, which focuses exclusively on the evidence
supporting the element upon which the mandatory presumption related, we are "confident
that [that the] error did not play any role in the jury's verdict." See Carella, 491 U.S. at 270
(Scalia, J., concurring). Accordingly, we hold that the court of appeals did not err in
applying a harmless-error review of Garrett's federal constitutional error complaint. See id.
at 266-67. 

B. Did the court of appeals err in failing to adequately set forth its reasoning in its
harmless-error analysis of Garrett's federal due process complaint? 

 

 In Jimenez v. State, 32 S.W.3d 233, 238-39 (Tex. Crim. App. 2000), we explained that
when no objection is made in the trial court to federal constitutional error contained in the
court's charge, an appellate court applies the Almanza (6) standard of review to determine
whether the error demands reversal. 

 Among other arguments, the State urges that even if the court of appeals' federal
harmless-error analysis appeared to be conclusory, the standard of review for egregious harm
under Almanza and the federal due process clause are the same; therefore, the court of
appeals' error, if any, in failing to expound on the federal due process claim, was harmless
because it would have produced the same result. We agree and see no reason to require the
courts of appeal to repeat the same facts when applying the same standard of review to the
same error under both state and federal law. See Tex. R. App. P. 47.1.

 We affirm the judgment of the court of appeals.

DELIVERED: April 25, 2007.

PUBLISH

 




 
1. In his first supplemental brief, Garrett asserted that the evidence of recklessness was
factually insufficient to support his conviction; he did not argue or suggest that the evidence was
legally insufficient. 
2. "[T]he actor is presumed to have known the person was a public servant...if the person
was wearing a distinctive uniform or badge indicating the person's employment as a public
servant...."
3. § 2.05. Presumption

 (a) Except as provided by Subsection (b), when this code or another penal law establishes a
presumption with respect to any fact, it has the following consequences:

 (1) if there is sufficient evidence of the facts that give rise to the

 presumption, the issue of the existence of the presumed fact must be

 submitted to the jury, unless the court is satisfied that the evidence

 as a whole clearly precludes a finding beyond a reasonable doubt of the

 presumed fact; and

 (2) if the existence of the presumed fact is submitted to the jury, the

 court shall charge the jury, in terms of the presumption and the

 specific element to which it applies, as follows:

 (A) that the facts giving rise to the presumption must be proven

 beyond a reasonable doubt;

 (B) that if such facts are proven beyond a reasonable doubt the jury

 may find that the element of the offense sought to be presumed

 exists, but it is not bound to so find;

 (C) that even though the jury may find the existence of such element,

 the state must prove beyond a reasonable doubt each of the other

 elements of the offense charged; and

 (D) if the jury has a reasonable doubt as to the existence of a fact

 or facts giving rise to the presumption, the presumption fails and

 the jury shall not consider the presumption for any purpose.

 (b) When this code or another penal law establishes a presumption in favor of the defendant
with respect to any fact, it has the following consequences:

 (1) if there is sufficient evidence of the facts that give rise to the

 presumption, the issue of the existence of the presumed fact must be

 submitted to the jury unless the court is satisfied that the evidence

 as a whole clearly precludes a finding beyond a reasonable doubt of the

 presumed fact; and

 (2) if the existence of the presumed fact is submitted to the jury, the

 court shall charge the jury, in terms of the presumption, that:

 (A) the presumption applies unless the state proves beyond a

 reasonable doubt that the facts giving rise to the presumption do not

 exist;

 (B) if the state fails to prove beyond a reasonable doubt that the

 facts giving rise to the presumption do not exist, the jury must find

 that the presumed fact exists;

 (C) even though the jury may find that the presumed fact does not

 exist, the state must prove beyond a reasonable doubt each of the

 elements of the offense charged; and

 (D) if the jury has a reasonable doubt as to whether the presumed

 fact exists, the presumption applies and the jury must consider the

 presumed fact to exist.
4. In his petition for discretionary review, Garrett complained that the court of appeals'
harm analysis of the jury charge error under state law was erroneous. 
5. A permissive presumption is not unconstitutional because "it allows, but does not
require, the trier of fact to infer the elemental fact or ultimate fact from the predicate evidentiary
fact or facts." Willis v. State, 790 S.W.2d 307, 310 (Tex. Crim. App. 1990). A permissive
presumption does not place the burden on the accused to refute or disprove an elemental fact
once the predicate facts have been established. Id. If a reviewing court determines that a rational
trier of fact could make the connection permitted by the presumption, a permissive presumption
is generally held to be constitutional. Id.
6. Almanza v. State, 686 S.W.2d at 171.