NUMBER 13-06-319-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FRANCISCO AGUILAR, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 331st District Court 

of Travis County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Vela


Memorandum Opinion by Justice Rodriguez



 Appellant, Francisco Aguilar, was charged by indictment with aggravated assault
with a deadly weapon on a public servant. See Tex. Penal Code Ann. § 22.02(b)(2)(B)
(Vernon Supp 2007). The jury found appellant guilty and sentenced him to twelve years'
confinement in the Texas Department of Criminal Justice-Institutional Division. By two
points of error, Aguilar contends that the trial court's charge violated his right to due
process under the Fourteenth Amendment and sections 38.04 and 38.05 of the Texas
Code of Criminal Procedure. See U.S. Const. amend XIV, § 1; Tex Code Crim. Proc.
Ann. arts. 38.04, 38.05 (Vernon 1979). We affirm.

I. Background

 During Aguilar's trial, Michael McGough testified that Aguilar harassed him and a
group of colleagues. After McGough told Officers Carlos Saldivar and Steve Boline about
the incident, Officer Saldivar approached Aguilar to question him. According to McGough,
the officers were wearing their uniforms and badges. Officer Saldivar testified that Aguilar
smelled of alcohol and abruptly "took a swing" at him. A struggle ensued. Officer Saldivar
further testified that Aguilar struck him repeatedly and cut him with a knife that Aguilar had
been holding under his sleeve. Aguilar testified that he had taken the knife out to peel an
orange and that "when I saw the uniform of the police I thought he was going to ask me
something," but instead, Officer Saldivar "came at [him]," "swung," and hit him in the eye
area without asking any questions. Aguilar claimed that the officers beat him even though
he did not resist arrest.

II. Standard of Review

 An appellate court's "first duty" in analyzing a jury charge issue is "to decide whether
error exists." Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Although a
harmless-error analysis applies "to a wide range of errors" and "most constitutional errors
can be harmless," the Supreme Court has found that a few certain errors "defy analysis
by 'harmless-error' standards." Arizona v. Fulminante, 499 U.S. 279, 306 (1991); see
United States v. Gonzalez-Lopez, 548 U.S. 140 , __, 126 S.Ct. 2557, 2564 (2006) (listing
errors the Supreme Court has determined to be structural and not subject to harmless-error
review); see also Johnson v. United States, 520 U.S. 461, 468-69 (1997) (opining that
structural error has been found "only in a very limited class of cases"). 

 If error requiring harmless-error analysis is found, the degree of harm necessary for
reversal depends on whether the appellant preserved the error by objection. Olivas v.
State, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); see Almanza v. State, 686 S.W.2d
157,171 (Tex. Crim. App. 1985) (op. on reh'g). If the defendant properly objected to the
erroneous jury charge, reversal is required if we find "some harm" to the defendant's rights. 
Olivas, 202 S.W.3d at 144; Ngo, 175 S.W.3d at 743; Almanza, 686 S.W.2d at 171. 
However, if the defendant did not object or stated that he has no objection to the jury
charge, we may only reverse if the record shows egregious harm to the defendant. Olivas,
202 S.W.3d at 144; Ngo, 175 S.W.3d at 743-44; Almanza, 686 S.W.2d at 171. In making
this determination, "the actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed by the
record of the trial as a whole." Almanza, 686 S.W.2d at 171; see Garrett v. State, 159
S.W.3d 717, 719-21 (Tex. App.-Fort Worth 2005), aff'd, 220 S.W.3d 926 (Tex. Crim. App.
2007) (finding no egregious harm in jury charge because "the record and statements of
counsel [did] not indicate that [defendant's] awareness that Complainant was a firefighter
was a contested issue"). Jury charge error causes egregious harm to the defendant if it
affects the very basis of the case, deprives the defendant of a valuable right, or vitally
affects a defensive theory. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)
(plurality opinion).

III. Applicable Law

 A person commits an aggravated assault of a public servant if the person commits
an assault as defined in section 22.01 (1) and the offense is committed "against a person the
actor knows is a public servant while the public servant is lawfully discharging an official
duty as a public servant." Tex. Penal Code Ann. § 22.02(b)(2)(B) (Vernon Supp. 2007). 
Aggravated assault is a second-degree felony, unless it is committed against an individual
the actor knows is a public servant who is lawfully discharging his duties, in which case it
is a first-degree felony. Id. A public servant is defined as "a person elected, selected,
appointed, employed, or otherwise designated as one of the following, even if he has not
yet qualified for office or assumed his duties: (A) an officer, employee, or agent of
government." Id. § 1.07(a)(41) (Vernon Supp. 2007).

IV. Discussion

A. Due Process 

 By his first issue, Aguilar argues that the trial court violated article 38.05 of the
Texas Code of Criminal Procedure by impermissibly instructing the jury on an ultimate fact
in dispute--that Officer Saldivar was a public servant. See Tex. Code Crim. Proc. Ann.
art. 38.05 (Vernon 1979). Article 38.05 provides that "[i]n ruling upon the admissibility of
evidence, the judge shall not discuss or comment on the weight of the same or its bearing
in the case. . . ." Id. The jury charge included the following: "You are instructed that
Carlos Saldivar is a public servant." Aguilar complains that this language violated his due
process rights because it was a comment on the weight of the evidence prior to the verdict.

 "A charge that assumes the truth of a controverted issue is a comment on the
weight of the evidence and is erroneous." Whaley v. State, 717 S.W.2d 26, 32 (Tex. Crim.
App. 1986). At trial, however, Aguilar never disputed that Officer Saldivar was a police
officer. Moreover, under section 1.02(41)(A) of the Texas Penal Code, a police officer is
defined as a "public servant." Tex. Penal Code Ann. § 1.07 (Vernon Supp. 2007). 
Therefore, because the jury charge did not comment on a controverted issue, it was not
error for the trial court to include the instruction in the jury charge. See Whaley, 717
S.W.2d at 32.

 Relying on In re Winship, 397 U.S. 358 (1970), Aguilar also contends in his first
issue that the complained-of jury instruction relieved the State of proving an element of the
offense beyond a reasonable doubt, thus violating his due process rights, and therefore
the case should be reversed and remanded without a harm analysis. However, even
assuming error, we disagree and conclude that a harmless error analysis is appropriate.

 In Johnson v. United States, the United States Supreme Court explained that
improperly instructing the jury on an element of the offense is subject to a harmless-error
analysis. 520 U.S. at 468; see Neder v. United States, 527 U.S. 1, 8 (1999) ("We have
often applied harmless-error analysis to cases involving improper instructions on a single
element of the offense."). The Texas Court of Criminal Appeals has also decried a trend
"'to label certain errors 'fundamental' then automatically reverse convictions without regard
to the nature and harm of the error in the case.'" Hawkins v. State, 135 S.W.3d 72, 82
(Tex. Crim. App. 2004) (quoting Almanza, 686 S.W.2d at 172-73). Also, "aside from
federal constitutional errors labeled by the Supreme Court as structural, no error is immune
from a harm analysis." Id. The Supreme Court has identified the following as structural
errors: complete denial of counsel; biased trial judge; racial discrimination in selection of
grand jury; denial of self-representation at trial; denial of public trial; and defective
reasonable-doubt instruction. Gonzalez-Lopez, 548 U.S. 140, __, 126 S.Ct. at 2564 ;
Neder, 527 U.S. at 8; Johnson, 520 U.S. at 468 (stating that improperly instructing the jury
on an element of the offense is subject to harmless-error analysis); see Clark v. State, 878
S.W.2d 224, 226 (Tex. App.-Dallas 1994, no pet.) (applying harmless error analysis to
error under article 38.05); Tennison v. State, 814 S.W.2d 484, 486 (Tex. App.-Waco 1991,
no pet.) (same). Aguilar's complaints are not among the structural errors listed. Therefore,
we apply the Almanza harm analysis. See 686 S.W.2d at 171. Because Aguilar did not
object to the jury charge, we must determine whether the error, if any, caused him
egregious harm. See Olivas, 202 S.W.3d at 144; Ngo, 175 S.W.3d at 743-44; Almanza,
686 S.W.2d at 171. 

 Because we have determined that the jury was not impermissibly instructed on an
ultimate fact in dispute under 38.05 and that we must apply Almanza's harm analysis even
if the complained-of instruction was error, we overrule Aguilar's first issue.

B. Egregious Harm

 In his second issue, Aguilar argues that the trial court's charge error resulted in
egregious harm under Almanza. See Almanza, 686 S.W.2d at 171. Assuming without
deciding there was jury charge error, we determine egregious harm by first considering the
alleged error in light of the totality of the charge. See Almanza, 686 S.W.2d at 171. The
jury charge accurately described the relevant law and the elements of first degree
aggravated assault of a public servant, including the mens rea component: that the
appellant knew that Officer Saldivar was a public servant. (2) The application paragraph of
the jury charge instructed the jury that it had to find the elements of the offense beyond a
reasonable doubt. (3) The charge further instructed the jury that it could presume that Aguilar
knew Officer Saldivar was a public servant if the "public servant was wearing a distinctive
uniform or badge indicating his employment as a public servant." However, it also
instructed the jury "that facts giving rise to the presumption must be proven beyond a
reasonable doubt," and "even though the jury may find the existence of such element, the
state must prove beyond a reasonable doubt each of the other elements of the offense
charged." Therefore, the jury could have determined that Officer Saldivar was a public
servant, but that Aguilar was not aware of it.

 Next, we must consider the state of the evidence and determine whether the alleged
jury charge error related to a contested issue. See Hutch, 922 S.W.2d at 173; Almanza,
686 S.W.2d at 171. After reviewing the record, we conclude that Officer Saldivar's status
as a police officer was not in dispute. Aguilar's theory of defense was that the officers,
including Officer Saldivar, overreacted and created the story about him in order "to cover
themselves." Aguilar's counsel referred to Officer Saldivar as "Officer" while cross-examining Officer Saldivar and when questioning other witnesses. During direct
examination, Aguilar testified that he saw Officer Saldivar's uniform. He referred to Officer
Saldivar as "the police" and "an officer." Throughout closing argument, Aguilar's counsel
referred to Officer Saldivar as an "officer."

 The State also presented probative evidence, the sufficiency of which is not
contested on appeal, to the jury that Officer Saldivar was a police officer. Officer Saldivar
testified that he was on duty when he encountered Aguilar. Two of the State's witnesses
and Aguilar testified that Officer Saldivar was wearing his police uniform and a badge. 
Officer Saldivar wore his uniform and his badge when he testified at Aguilar's trial. 
Moreover, section 1.07(41)(A) defines a police officer as a "public servant." Tex. Penal
Code Ann. § 1.07(a)(41) (Vernon Supp. 2007). Therefore, the jury could have affirmatively
found that Officer Saldivar was a public servant without the trial court's instruction because
the fact was uncontested and the evidence supported that finding.

 Finally, we review counsel's closing arguments. See Almanza, 686 S.W.2d at 171. 
Defense counsel referred to Officer Saldivar as "officer" and "Officer Saldivar" during
closing argument. He asked the jury, "So it is not a matter of do you believe [Aguilar] or
do you believe the officers. . . . The State is here and required to prove that he's guilty
beyond a reasonable doubt. . ." Aguilar's counsel argued that the State had to prove that
Aguilar "intentionally and knowingly threaten[ed] the officer. . . . Was the officer lawfully
discharging an official duty?" He then asked the jury, "Can a police officer provoke a
situation and then hide behind his badge and make the one he provoked a felon?"

 Although the trial court's charge included the complained-of instruction, it was
otherwise correct and properly instructed that the State had the burden of proving beyond
a reasonable doubt all of the elements of the offense. The evidence indisputably showed
that Officer Saldivar was a police officer. See Garrett, 159 S.W.3d at 719-21. A police
officer is included in the penal code's definition of a public servant. See Tex. Penal Code
Ann. § 1.07. Aguilar's testimony and arguments presented the position that Officer
Saldivar was a police officer who acted inappropriately. Therefore, based on the jury
charge as a whole and the entire record in this case, we conclude the record does not
show egregious harm. See Olivas, 202 S.W.3d at 144. Aguilar was not denied a fair and
impartial trial. The charge error, if any, did not affect the very foundation or basis of his
case, deprive him a valuable right, or significantly affect his defensive theory that Officer
Saldivar attacked him. See Hutch, 922 S.W.2d at 171. We overrule Aguilar's second
issue.

V. Conclusion

 We affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 17th day of April, 2008.
1. A person commits an assault if the person "intentionally, knowingly, or recklessly causes bodily injury
to another, . . . intentionally or knowingly threatens another with imminent bodily injury, . . . or intentionally or
knowingly causes the physical contact with another when the person knows or should reasonably believe that
the other will regard the contact as offensive or provocative." Tex. Penal Code Ann. § 22.01 (Vernon 1979).
2. The charge instructed the jury that

 

 [a] person commits the offense of aggravated assault on a public servant with a deadly
weapon, if he commits the offense of assault, as herein defined, and he uses or exhibits a
deadly weapon during the commission of the offense when he knows that the person
assaulted is a public servant while the public servant is lawfully discharging an official duty.
3. The charge instructed the jury as follows:


 Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a
reasonable doubt that the defendant, Francisco Aguilar. . . did then and there intentionally
and knowingly threaten Carlos Saldivar with imminent bodily injury and did then and there use
or exhibit a deadly weapon, to-wit: a knife, during the commission of said assault, and the
said Francisco Aguilar did then and there know that said Carlos Saldivar was a public
servant, to-wit: a Peace Officer, and that the said Carlos Saldivar was then and there lawfully
discharging an official duty to-wit: attempting to detain or arrest the defendant, you will find
the defendant guilty of the offense of aggravated assault of a peace officer and so say by
your verdict, but if you do not so believe, or if you have reasonable doubt thereof, you will
acquit the defendant of the offense of aggravated assault of a peace officer and proceed to
consider whether the defendant is guilty of the lesser included offense of resisting arrest.